# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS EBORKA,

    Plaintiff,

                                        Civil Action No. 24-10361

v.

                                        HON. JONATHAN J.C. GREY

JASON WILSON,

    Defendant.

_____/

## ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF No. 5) and SUMMARILY REMANDING ACTION

Before the Court is pro se plaintiff Dennis Eborka's application to proceed without prepaying fees or costs. (ECF No. 5) A review of the application supports Eborka's claim of pauper status. The Court **GRANTS** in forma pauperis status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court **REMANDS** the action.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a

defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding in forma pauperis:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007); *accord Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. 2008). Federal courts hold pro se complaints to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, pro se litigants still must follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

In this case, Eborka filed a notice of removal of a pending state court action on February 13, 2024 (ECF No. 1) and filed an identical document on February 15, 2024 (ECF No. 9). Eborka failed to attach a copy of the complaint from the state court action, and he did not specify the basis for the action in this case, other than to state:

> The removed case is a civil action filed on September 7th, 2023 in the 6th circuit court of Oakland County, the State of Michigan, styled Dennis Eborka v. Jason Wilson[,] Case No. 2023-202548-CZ (the 'Removed Case'), which is incorporated herein, as if set forth in full.

(*See* ECF No. 1, PageID.2; ECF No. 9, PageID.20.) Eborka also submitted a document evidencing that his motion to waive fees was granted in the Michigan Court of Appeals on December 13, 2023. (ECF No. 8, PageID.18.) Based on the record, it is unclear whether that case has since been resolved in the Michigan Court of Appeals.

After reviewing the record, the Court finds that the only alleged source of subject matter jurisdiction stems from Eborka's claim that he "alleges a cause of action arising under the Constitution and laws of the United States." (ECF No. 1, PageID.2; ECF No. 9, PageID.20.) He pleads no allegations to support that claim, however, which deprives the Court of the ability to determine whether the U.S. Constitution or the laws of

3

the United States are implicated by Eborka's cause of action. This is especially true as Eborka does not allege that Jason Wilson is a state actor, nor does Eborka identify any conduct of Wilson from which the Court could find that Wilson is a state actor. In fact, in a separate document filed two weeks after Eborka filed the notice of removal, Eborka includes correspondence regarding what appears to be a math-related class, but Wilson is not identified on it, nor was Wilson one of the persons who sent or received the email included within that document. (*See* ECF No. 12.)

Next, the Court notes that Eborka filed the case in Oakland County Circuit Court and appealed it to the Michigan Court of Appeals. Pursuant to 28 U.S.C. § 1441, upon which Eborka relied to remove this case, an action may be removed from state court to federal court by the defendant. Section 1441 does not provide that a plaintiff who originally chose to file the case in state court can remove the case to federal court. Therefore, removal is improper.

Finally, the Court finds that it lacks subject matter jurisdiction over this action. The state trial court rendered a decision in the case, and the case has been appealed to the Michigan Court of Appeals. With respect

4

to matters that are pending pursuant to an ongoing appeal, an action in this Court is barred by the doctrine of preclusion. *See Exxon Mobil Corp. v. Saudi Basic*, 544 U.S. 280 (2005).

Alternatively, in the event the state court action has concluded, the Court does not have jurisdiction to review or reverse orders issued in state court proceedings pursuant to the *Rooker-Feldman* doctrine. *See, e.g., Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment").

Therefore, in this case, to obtain whatever relief Eborka may be seeking, the Court would have to interfere with ongoing state court proceedings or review and reverse the state court decision(s) rendered by the Oakland County Circuit Court or the Michigan Court of Appeals.

For the reasons set forth above, **IT IS ORDERED** that Eborka's application to proceed without prepaying fees or costs (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **REMANDED**.

**IT IS FURTHER ORDERED** that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B).  Any appeal of this Order would be frivolous and would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610–611.

**SO ORDERED**.

Date: March 8, 2024

<u>s/Jonathan J.C. Grey</u>
Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 8, 2024.

                         s/ S. Osorio
                         Sandra Osorio
                         Case Manager